IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID CRAWLEY,
    Plaintiff,                           Civil Action No. 7:14-cv-00613

v.                                             MEMORANDUM OPINION

DR. E. MCDUFFIE, et al.,            By:    Hon. Michael F. Urbanski
    Defendants.                                United States District Judge

      Incarcerated, pro se plaintiff David Crawley commenced a civil action, pursuant to 42 U.S.C. § 1983, and paid the $400.00 filing fee on November 17, 2014. On November 19, 2014, the court ordered Plaintiff to file proof of service of process on all defendants in accordance with Rule 4, Fed. R. Civ. P., by February 17, 2015. On March 3, 2015, Plaintiff asked for an extension of time, and on April 8, 2015, the court granted Plaintiff until May 8, 2015, to file proof, noting, "Crawley is reminded that failure [to file proof of service] shall result in dismissal of this action without prejudice, for failure to prosecute."

      "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). . . ." Fed. R. Civ. P. 4(c)(1).

      Despite prior warnings, Plaintiff has not filed proof of service although more than 170 days have passed since the court initially ordered him to do so. While Plaintiff put forth some effort in trying to notify a non-party of the action, he has not followed the procedures described in Rule 4 to notify the defendants of the action. See, e.g., Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .");

McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding that pro se litigants are responsible for their failures to litigate).  Plaintiff is solely responsible for a failure to prosecute this action, and the court notified Plaintiff of his obligations and the pertinent rule about service.  Although Plaintiff presently asks the court to have the United States Marshal of this district serve the complaint on his behalf, he has not properly applied to proceed in forma pauperis.

Accordingly, Plaintiff's motion to have the United States Marshal serve the complaint is denied, the complaint is dismissed without prejudice for failing to perfect service, pursuant to Rule 4(m), and Plaintiff's motion to amend is denied as moot.

Entered: May 28, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge